**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

<u>**Michelle Lemoine**</u>

    v.                                           **Case No. 20-cv-924-PB**
                                                        **Opinion No. 2021 DNH 013**

<u>**W.B. Mason Company, Inc.**</u>

<u>**ORDER**</u>

Michelle Lemoine has sued W.B. Mason Company, Inc. for sexual orientation discrimination and retaliation in violation of Title VII and N.H. Rev. Stat. Ann. ch. 354-A (RSA 354-A). W.B. Mason has responded with a motion to dismiss the retaliation claims.

Lemoine alleges that W.B. Mason placed her on a Performance Improvement Plan ("PIP") on June 15, 2017. <u>See</u> Compl. ¶ 19. When she was presented with the PIP, she told her supervisor that "she believed she was being discriminated against." Compl. ¶ 38. W.B. Mason then terminated Lemoine approximately a month later. Compl. ¶ 44. Lemoine asserts that she was terminated in retaliation for opposing W.B. Mason's discriminatory decision to place her on a PIP.

W.B. Mason argues that Lemoine's complaint to her supervisor does not qualify as protected conduct under either Title VII or RSA 354-A because it was too vague to sufficiently

identify the type of discrimination she believed she was facing.[1] I disagree.

Neither Title VII nor RSA 354-A require the use of "magic words" to qualify a complaint of discrimination as protected conduct. Burns v. Johnson, 829 F.3d 1, 17 (1st Cir. 2016) (quoting Tang v. Citizens Bank, N.A., 821 F.3d 206, 216 (1st Cir. 2016)). Instead, "'[w]hen an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication' virtually always 'constitutes the employee's *opposition* to the activity.'" Crawford v. Metropolitan Gov't of Nashville & Davidson Cty., Tenn., 555 U.S. 271, 276 (2009) (quoting 2 EEOC Compliance Manual §§ 8-II-B(1), (2), p. 614:0003 (Mar. 2003)); see e.g. Rolfs v. Home Depot U.S.A., Inc., 971 F. Supp. 2d 197, 216 (D.N.H. 2013) ("Standing alone, the words 'Come on, Gene'" are too vague to qualify as a complaint of discrimination, but additional evidence, including manager's reaction to plaintiff's words, permitted a conclusion that plaintiff "could have reasonably believed, in good faith" that his manager's behavior violated Title VII).

Here, sufficient context existed to place W.B. Mason on notice that Lemoine was opposing an unlawful employment action.

---

[1] Defendant's alternative argument that Lemoine's protected conduct stems from a 2012 HR complaint is unavailing in light of Lemoine's opposition brief in which she explicitly disclaims that incident as the basis for her retaliation claims.

2

In 2012, Lemoine filed a complaint with Human Resources after the company showed several of its employees, including Lemoine, an offensive sales video mocking homosexual relationships. Compl. ¶¶ 62-71.  Additionally, Lemoine's supervisor and other employees in her office were aware of her sexual orientation. Compl. ¶¶ 12, 14, 21, 24.  Thus, Lemoine has sufficiently alleged that she "had a good faith, reasonable belief" that her employer was violating the law by placing her on PIP, that she appropriately opposed such a violation by telling her supervisor she believed she was being discriminated against, and that, given her prior complaint, the employer was on notice that Lemoine was complaining about discrimination based on her sexual orientation.[2]  Accordingly, W.B. Mason's motion to dismiss (Doc. No. 6) is denied.

    SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

January 19, 2021

---

[2] To the extent that the defendant suggests in its brief that Lemoine must allege that the defendant <u>actually</u> violated the law by placing her on PIP, such an argument is contrary to established precedent.  See Fantini v. Salem State Coll., 557 F.3d 22, 32 (1st Cir. 2009) ("To establish the first of these elements - participation in a protected activity - [Appellant] need not prove that the conditions against which [s]he protested actually amounted to a violation of Title VII.  Appellant must demonstrate only that [she] had a good faith, reasonable belief that the underlying challenged actions of the employer violated the law.") (citations and quotations omitted).

cc:   Heather M. Burns, Esq.
      Lauren S. Irwin, Esq.
      Brooke Lois Lovett Shilo, Esq.
      W. Daniel Deane, Esq.
      Nathan P. Warecki, Esq.